IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, : : : Plaintiff, : v. : Case No. 8:08-cv-849-T-24-MAP : RICHARD J. RYDER : : Defendant. : | |

# **ORDER**

**AND NOW**, this 1st day of May 2008, upon consideration of the Complaint and Emergency Motion of Plaintiff Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch"), and the submissions of record, and having determined that:

1. Under Rule 13804 of the National Association of Securities Dealers Code of Arbitration Procedure for Industry Disputes, and the express authority of the United States Court of Appeals for the Eleventh Circuit in American Express Financial Advisors v. Makarawicz, 122 F.3d 936 (11th Cir. 1997), Merrill Lynch has the express right to seek and obtain temporary injunctive relief from a court of competent jurisdiction pending an arbitration hearing before a full panel of duly-appointed arbitrators.

2. The rights of Merrill Lynch with respect to its property, proprietary and confidential information, competitive interests, and employment contracts with Defendant Richard J. Ryder ("Ryder") are being and will continue to be violated by Ryder unless he is restrained therefrom.

3. Plaintiff will suffer irreparable harm and loss if Ryder is permitted to: (a) convert the property of Merrill Lynch to Ryder's own personal use and benefit, and that

1

of Ryder's new employer, Ameriprise Financial Services, Inc. ("Ameriprise") and (b) solicit Merrill Lynch clients to transfer their business to a competitor firm.

   4.  Plaintiff has no adequate remedy at law.

   5.  Greater injury will be inflicted upon Plaintiff by the denial of temporary injunctive relief than would be inflicted upon Ryder by the granting of such relief.

**IT IS HEREBY ORDERED AND DECREED THAT:**

   (1)  A Temporary Restraining Order issue immediately and that security in the amount of $25,000 be posted no later than the 2nd day of May, 2008.

   (2)  Ryder be immediately enjoined and restrained, directly and indirectly, whether alone or in concert with others, including any officer, agent, employee, and/or representative of Ameriprise, until hearing and thereafter until further Order of this Court, from doing any of the following:

    a)  soliciting or otherwise initiating any further contact or communication with any client of Merrill Lynch whom Ryder served, assisted others in serving, or whose name became known to Ryder while in the employ of Merrill Lynch for the purpose of advising said clients of his new affiliation or for the purpose of inviting, encouraging or requesting the transfer of any accounts or business patronage from Merrill Lynch (excluding Ryder's family and relatives);

    b)  soliciting or otherwise initiating any further contact or communication with any client of Merrill Lynch whose records or information Ryder used in violation of paragraph 1 of his Financial Advisor Employment Agreement and Restrictive Covenants. This specifically includes any client whom Ryder may have contacted by mail, phone or

otherwise through the use of any information obtained by Ryder while in the employ of Merrill Lynch (excluding Ryder's family and relatives); and

        c)     using, disclosing, or transmitting for any purpose, including solicitation of said clients, the information contained in the records of Merrill Lynch or concerning its clients, including, but not limited to, the names, addresses, and financial information of said clients; and

        d)     destroying, erasing, or otherwise making unavailable for further proceedings in this matter, or in any arbitration proceeding between the parties, any records or documents (including data or information maintained in computer media) in Ryder's possession or control which were obtained from or contain information derived from any Merrill Lynch records, which pertain to Merrill Lynch clients whom Ryder served or whose names became known to Ryder while employed by Merrill Lynch, or which relate to any of the events alleged in the Complaint in this action;

    (3)     Ryder, and anyone acting in concert or participation with Ryder, specifically including Ryder's counsel and any agent, employee, officer or representative of Ryder's new employer, Ameriprise, are further ordered to return to Merrill Lynch's Florida counsel any and all records, documents and/or other types of information pertaining to Merrill Lynch customers ("Customer Information"), whether in original, copied, handwritten, computerized (including computer software, disks, computer hard drive and/or any other type of computer or digital information storage device) or memorialized in any other form, within twenty-four (24) hours of notice to Ryder or his counsel of the terms of this Order;

    (4)     Any and all Customer Information within the possession, custody or control of Ryder that is contained in any computerized form, including on computer software, disks,

computer hard drive, and/or any other type of computer or digital information storage device, returned pursuant to paragraph (3) above shall be permanently deleted by a Merrill Lynch representative.  Such Customer Information shall be permanently deleted, if possible, without affecting any other information or software on the computer.  Ryder, and anyone acting in concert with Ryder, is precluded from reconstituting or in any way restoring any Customer Information deleted pursuant to this paragraph and returned to Merrill Lynch pursuant to paragraph (3) above;

(5)     The Court's Order shall remain in full force and effect until such time as either a FINRA arbitration panel renders a final decision on Merrill Lynch's request for permanent injunctive relief or this Court specifically orders otherwise;

(6)     The parties are granted leave to commence discovery, including depositions, immediately in aid of preliminary injunction proceedings before this Court; and

(7)     Pending a preliminary injunction hearing before this Court, and pursuant to the requirements of sections 3 and 4 of the Federal Arbitration Act, 9 U.S.C. §§ 3-4, the parties are directed to proceed expeditiously with an arbitration pursuant to Rule 13804 of the NASD Code of Arbitration Procedure for Industry Disputes.

(8)     In accordance with Rule 65(b), F.R.Civ.P., this Order shall remain in full force and effect until **5:50 p.m. on May 15, 2008**, at which time it shall expire by its terms unless extended by this Court upon good cause shown, by consent of the parties, or by entry of a subsequent preliminary injunction by this Court pending a Rule 10335 hearing before the NASD.

(9)     Pursuant to 28 U.S.C. § 636, Plaintiff's Motion for Preliminary Injunction (Doc. No. 3) is hereby **REFERRED** to Magistrate Judge Mark A. Pizzo, who shall hold a hearing on

the motion and submit proposed findings of fact and a recommendation as to the appropriate disposition of the motion.

**DONE AND ORDERED** at Tampa, Florida, at 5:50 p.m. this 1st day of May, 2008.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
The Honorable Mark A. Pizzo

5